FILED

2024 Mar-13  AM 11:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| TYMON L. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | 7:22-cv-01432-AMM-HNJ |
| v. | ) | |
| | ) | |
| GREG CARR, et al, | ) | |
| | ) | |
| Defendants. | | |

## REPORT AND RECOMMENDATION

Plaintiff Tymon L. Davis ("Davis") filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while housed at the Pickens County Detention Center.  (Doc. 1).  In accordance with its usual practices, the court referred the petition to the undersigned Magistrate Judge for a preliminary report and recommendation pursuant to 28 U.S.C. § 636(b)(1).

As explained herein, the undersigned **RECOMMENDS** the court **DISMISS** this action **WITHOUT PREJUDICE** pursuant to Rule 41(b) of the *Federal Rules of Civil Procedure* for Davis's failure to prosecute his claims.

### I.     DISCUSSION

Davis utilized a standard form to file his *pro se* complaint wherein Davis agreed:

> **to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

(Doc. 1 at 10) (emphasis in original).  After Davis filed his complaint, the postal service returned the court's November 17, 2022, as undeliverable.  (Doc. 5).  Because the Alabama Department of Corrections ("ADOC") website indicated Davis may have been transferred to the Kilby Correctional Facility in Mt. Meigs, Alabama, the court directed the Clerk of Court to re-serve the November 17, 2022, Order on Davis.  (*See* Doc. 6).  The court reminded Davis that (1) it is his responsibility to keep the court informed of his current mailing address and (2) his claims will be dismissed if he fails to do so.  (Doc. 6 at 1-2).

The ADOC website now indicates ADOC no longer maintains custody of Davis: Neither an AIS # search nor a name search return results for Davis in ADOC's inmate database.  *See* https://doc.alabama.gov/inmatesearch (last conducted an AIS # search for "309571" on March 12, 2024; last conducted a First Name search for "Tymon" and Last Name search for "Davis" on March 12, 2024).    As ADOC's "database only contains currently incarcerated inmates," this lack indicates ADOC no longer maintains custody over Davis and no longer houses Davis at the Kilby Correctional Facility.  *See* https://doc.alabama.gov/inmatesearch (last accessed March 12, 2024).

Davis failed to notify the court of his new address, and the court has no means to communicate with Davis regarding his case as a result.  Accordingly, the undersigned recommends the court dismiss this action without prejudice for Davis's failure to prosecute his claims.  FED. R. CIV. P. 41(b).

## II.    RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** the court **DISMISS** this action **WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for Davis's failure to prosecute his claims.

## III.    NOTICE OF RIGHT TO OBJECT

Any party may file specific written objections to this report and recommendation. Any objections must be filed with the Clerk of Court within **14 days**. The objecting party must identify every objectionable finding of fact or recommendation and state the specific basis for every objection. The objecting party also must identify every claim in the complaint that the report and recommendation has not addressed. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

A party who fails to object to factual or legal conclusions in the Magistrate Judge's report and recommendation waives the right to challenge on appeal those same conclusions adopted in the District Judge's order. Without a proper objection, however, the court on appeal may review the unobjected-to factual and legal conclusions for plain error if necessary in the interests of justice. 11th Cir. R. 3-1.

After receiving the objections, a District Judge will conduct a *de novo* review of the relevant portions of the report and recommendation and may accept, reject, or modify in whole or in part the Magistrate Judge's findings of fact and recommendations.

The District Judge will conduct a hearing if required by law and may exercise discretion to conduct a hearing or otherwise receive additional evidence.  Otherwise, the District Judge may consider the record developed before the Magistrate Judge in making an independent determination of the relevant legal issues.  The District Judge also may refer this action back to the Magistrate Judge with instructions for further proceedings.

A party may not appeal the Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  A party may appeal only from a final judgment entered by a District Judge.

**DONE** this 13th day of March, 2024.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE